IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01754-LTB-MEH

JAMEL WALKER,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE, a federal agency doing business in Colorado as the UNITED STATES POSTAL SERVICE, and
JOHN E. POTTER, in his official capacity as Postmaster General,

    Defendants.

---

**RECOMMENDATION ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER VENUE**

---

Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer for Improper Venue [Filed March 6, 2007; Doc #4]. Though given ample opportunity to respond to the Motion to Dismiss (deadline extended to July 2, 2007), Plaintiff did not respond. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion to Transfer for Improper Venue, and transfer the case to the United States District Court for the District of Arizona.

**I.**    **Facts**

In her Verified Complaint, Plaintiff alleges that she "as of 2000 is a resident of Colorado," and that venue is proper in Colorado "pursuant to 28 U.S.C. Section 1391 as the judicial district in which the cause of action arose and in which the unlawful employment practice was committed, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(f)(3)." [Complaint, ¶ 3.] According to the documents referred to in the Complaint and attached to Defendants' Motion,

Plaintiff originally filed her "complaint of discrimination" with the United States Postal Service ("USPS") on June 30, 2001, alleging race, color and sex discrimination, and retaliation. [Motion, Exh. 1.] According to that original complaint and the Notice of Final Action issued by the USPS on May 31, 2006 [Complaint, Exh. 1], Plaintiff alleged that she suffered discrimination and retaliation as a result of the USPS' decision not to reinstate her to her former employment position, because she had been found medically unsuitable for the position of Distribution Clerk. Plaintiff received notice of that decision on February 28, 2001. [*Id.*] At the time of the challenged decision and the medical tests in November 2000, Plaintiff was a resident of Colorado. [*Id.*]

However, Plaintiff also brings claims for relief based upon conduct that, admittedly, occurred in 1998 and 1999 when she was a resident of Arizona. On July 9, 1999, Plaintiff filed a discrimination complaint with the USPS for wrongful termination based on race, sex, color, and age discrimination, and retaliation. [Complaint, ¶ 16.] The termination took place November 17, 1998. [Complaint, ¶ 15.]

In her Verified Complaint, Plaintiff alleges that her July 9, 1999 complaint of discrimination, based on her wrongful termination, was "automatically reopened" with the adjudication of the June 30, 2001 complaint. [Complaint, ¶ 19.] Consequently, Plaintiff brings claims for relief under the discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") for "Defendants' termination of Plaintiff's employment as described herein" [First Claim for Relief, ¶ 22]; under the retaliation provisions of Title VII because she "was not given her original seniority date of 2/28/98 when her job was reinstated [in or about August 1998]" and for her "wrongful termination" in 1998 [Third Claim for Relief, ¶¶ 31-32]; and under the provisions of the Americans with Disabilities Act ("ADA") for her "wrongful termination" in 1998 [Second Claim for Relief, ¶ 29]. In addition, Plaintiff, in her Prayer for Relief, asks the Court, in pertinent part, for "an order declaring

2

that Plaintiff's termination and wrongful discharge by Defendants was illegal . . . ." [*See* Complaint.]

In addition to these claims for relief, Plaintiff alleges improper conduct occurring in 1998 and 1999 in seven of the eleven paragraphs that make up her Statement of Facts, during which time she lived and worked in Arizona. [Complaint, ¶¶ 10-16.]

## II.     Discussion

Plaintiff has the burden of establishing that venue is proper in this district. *Gwynn v. TransCor Am.,* 26 F. Supp.2d 1256, 1261 (D. Colo. 1998).  If the Court determines that venue is improper, it may dismiss or transfer the case to any district in which the case could have been brought.  *See* 28 U.S.C. § 1406(a) (2007).

The standards for deciding a motion to dismiss for improper venue are generally the same as for deciding a motion to dismiss for want of personal jurisdiction. *Kaplan v. Reed*, 28 F. Supp.2d 1191, 1202 (D. Colo. 1998).  Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *International Beauty Prods., L.L.C. v. Beveridge*, 402 F. Supp.2d 1261, 1271 (D. Colo. 2005) (quoting *Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989)).  The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995).  When an allegation is so challenged, a court may examine facts outside the complaint to determine whether venue is proper.  *Indymac Mortgage Holdings, Inc. v. Reyad,* 167 F. Supp.2d 222, 237 (D. Conn. 2001) (quoting *United States Envtl. Prot. Agency v. Port Auth. of New York & New Jersey,* 162 F. Supp.2d 173, 183 (S.D.N.Y.2001)). The Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *Id.*

Only well-plead facts, as opposed to mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505. Because Walker is proceeding *pro se,* I must construe her complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

As Plaintiff cited in her Verified Complaint, Title VII contains its own venue provision at 42 U.S.C. § 2000e-5(f)(3).  [Complaint, ¶ 3.]  This provision, rather than the general venue statute at 28 U.S.C. § 1391, governs venue in Title VII actions. *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).  Section 2000e-5(f)(3) states, in pertinent part,

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (2007).  Thus, to maintain her action in Colorado, the allegations in the Verified Complaint must demonstrate (1) that the conduct of which Plaintiff complains took place in Colorado, (2) that Plaintiff's employment records relevant to her claims are maintained and administered in Colorado, or (3) that Plaintiff would have worked in Colorado but for the Defendants' alleged conduct.[1]

In support of their Motion to Transfer for Improper Venue, Defendants attach documents referred in or attached to the Verified Complaint, which contradict Plaintiff's allegations of proper venue.  For example, in her original June 30, 2001 complaint of discrimination, Plaintiff listed the

---

[1] The fourth venue option, "the judicial district in which the respondent has its office," need only be considered if the respondent cannot be found within the other venue options. 42 U.S.C. § 2000e-5(f)(3) (2007).  Such is not the case in this matter, and therefore, the fourth option need not be considered.

"Phoenix GMF, Phoenix, AZ" as the installation at which she believed the discrimination occurred. [Motion, Exh. 1.]   In fact, in that same complaint, Plaintiff requests her "job back with backpay," referring to her previous employment in Arizona. [*Id.*]  In addition, the January 10, 2001 letter, which was the subject of the June 30, 2001 complaint, issued from a Human Resources Specialist in Phoenix, Arizona.  This information, coupled with the Plaintiff's Claims for Relief and the facts alleged in paragraphs 10-16 of her Verified Complaint concerning conduct in Arizona, lead the Court to find that the challenged employment practices occurred in Arizona - not in Colorado..

Moreover, the Plaintiff alleges that, but for the Defendants' conduct in this matter, she would have remained employed at the Phoenix, Arizona facility. [Complaint, ¶ 17.] In addition, in her Prayer for Relief, Plaintiff requests "[t]hat this Court invoke its equitable powers to enter a mandatory injunction ordering the reinstatement of the Plaintiff by Defendants to her position as an engineer with the Defendant US Postal Service" - a position which, from the allegations in the Complaint, was located in Phoenix, Arizona.  These allegations squarely meet the requirements for the third option under 42 U.S.C. § 2000e-5(f)(3).

All of the crucial actions as pleaded by Plaintiff occurred in Arizona.  Any re-employment would be in Arizona.  The only connection that this case has with Colorado is that Plaintiff moved here after she lost her position with the Postal Service, and some of the final communications between Plaintiff and the Postal Service occurred after her move.  Consequently, the Court finds proper venue to be Arizona and recommends the matter be transferred to Arizona.

**III.    Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer for Improper Venue [Filed March 6, 2007; Docket #4] be **granted**, and that the matter be transferred to the United States District Court

for the District of Arizona. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado, this 16th day of July, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).